UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 0 2 2001
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF T...

| | |
|---|---|
| ANNA EBERWEIN | * |
| | * |
| v. | *   Civil Action No. SA-00-CA-0842 |
| | * |
| AUTO ZONERS, INC. d/b/a | * |
| AUTO ZONE | * |

## ORDER

The following matters are before the Court: Defendant Auto Zone, Inc's Motion for Summary Judgment with Supporting Authorities [Docket No. 26]; Plaintiff's Response thereto [Docket No. 29]; Plaintiff's Motion for Summary Judgment [Docket No. 27]; Defendant Auto Zoners, Inc.'s Response to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [Docket No. 32]; and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment/Plaintiff's Sur Reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [Docket No. 34].

Summary Judgment shall be rendered if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The adverse party may not rest upon the mere allegations or denials of its pleadings, but its response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

#2

This analysis must be conducted without the Court making determinations regarding credibility of evidence. Furthermore, all evidence must be viewed in the light most favorable to the Plaintiff.

The parties have filed cross-motions for summary judgment. The Court first considered the motion filed by Plaintiff. Upon review of the pleadings and appendices on file, the Court is of the opinion that Plaintiff's motion for summary judgment must fail.

Plaintiff asserts that she was subjected to sexual harassment by a coworker in a supervisory position. Plaintiff points to a letter sent to Defendant's human resources department as evidence that Defendant was aware of the complained-of behavior. However, Defendant raises the argument that this complaint was devoid of any reference to sexual harassment. Further, Defendant contends that Plaintiff was aware of, but failed to follow, established procedures for reporting such a complaint. Therefore, Defendant contends that it was never given notice of any complaint of sexual harassment. Furthermore, Defendant asserts that steps were taken to respond to Plaintiff's initial complaint. Statements taken from the follow-up meetings between Plaintiff and Defendant's representative likewise make no mention of sexual harassment as the cause for the complaint.

Plaintiff further alleges that her termination was effectively a retaliatory act by Defendant as a result of Plaintiff's complaint. To establish the existence of a retaliatory employment action, Plaintiff must show that she was engaged in a protected activity, that the Defendant took an adverse employment action, and that the employment action was causally connected to the protected activity. However, as Defendant contends, there is no evidence that Plaintiff's discharge came as a result of her making the complaint. Defendant puts forth evidence of non-

discriminatory reasons for Plaintiff's termination. There is at most a temporal connection between Plaintiff's complaint and her termination. Such a connection, even if established, does not rise to the standard required to show that Plaintiff's termination was a retaliatory act by Defendant.

It is therefore ORDERED that Plaintiff's Motion for Summary Judgment be, in all things, DENIED.

Defendant has contemporaneously filed its Motion for Summary Judgment. Defendant contends that Plaintiff cannot establish a prima facie case of sex discrimination. Moreover, Defendant contends that Plaintiff would fail to put forth evidence that Defendant's stated reasons for termination were pretext for unlawful sex discrimination. Defendant further argues that Plaintiff's sexual harassment allegations are equally without merit. To that end, Defendant asserts that it exercised reasonable care to prevent and/or correct incidences of sexual harassment. Defendant further alleges that Plaintiff failed to use preventive or corrective measures put in place for its employees to address such unlawful behavior by fellow employees. Finally, Defendant argues that it had no notice of sexual harassment allegations. Lack of notice, the argument continues, makes retaliation an impossibility.

Following summary judgment procedure as outlined above, the Defendant, in moving for summary judgment, must show that there exists no genuine issue of material fact in dispute. If such a showing is made, Plaintiff, as the adverse party, must establish that evidence exists creating a genuine issue of material fact for trial.

Plaintiff's deposition establishes several facts that are essential to this inquiry. Plaintiff has admitted to understanding her responsibilities with regard to employment policies. Plaintiff

was, therefore, aware that failure to follow said policies could result in the termination of her employment. Defendant had clear policy in place with regard to harassment in the workplace. Plaintiff failed to make use of this policy to register the sexual harassment complaint now before the Court. Plaintiff further admits to a pattern of tardiness, which alone would establish cause for termination. Plaintiff also conceded to the accuracy of negative performance evaluations.

As noted above, Defendant claims to have been given no notice of Plaintiff's sexual harassment complaints. Plaintiff made a written complaint of problems involving the fellow employee in question. However, this complaint focused on a variety of problems Plaintiff perceived with regard to the other employee, but made no mention of sexual harassment. Defendant made reasonable efforts to investigate Plaintiff's claim. In the statements that resulted from these investigations, Plaintiff again fails to specify any claims of sexual harassment.

Defendant urges that Plaintiff cannot establish a prima facie case of sex discrimination either for denial of promotion, or for termination of employment. In either scenario, Defendant has established that it was justified in its employment decisions because of Plaintiff's lack of qualifications. Without looking further, the Court is satisfied that Plaintiff's admitted tardiness precluded qualification for promotion and *could* have served as the sole justification for termination. Thus, Defendant has articulated a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

Plaintiff would argue that the non-discriminatory reasons given by Defendant for termination have been expanded with the filing of the present motions and responses. However, the Court is of the opinion that this contention has little effect with regard to summary judgment evidence. Any of the reasons proffered by Defendant suffice, so long as they are not shown to be

merely pretext for retaliation. Plaintiff has failed to make any affirmative showing of pretext in this case.

Finally, Defendant raises the defense to harassment wherein an employer avoids liability for harassment committed by its supervisory employee where the alleged harassment did not culminate in a tangible job detriment. The Court has found that Plaintiff's termination was not triggered by her harassment complaint. Therefore, the defense is valid if the employer used reasonable care to prevent and correct the harassing behavior and the aggrieved employee failed to make use of such preventive procedures set in place by the employer.

As set forth above, Defendant had such procedures in place and Plaintiff had sufficient notice of same. Evidence further establishes that Plaintiff failed to take advantage of these procedures to prevent or correct the behavior made the basis for this lawsuit.

By its Motion for Summary Judgment and the support presented therefor, Defendant has established that summary judgment in favor of Defendant is proper in this case. It is therefore ORDERED that Defendant's Motion for Summary Judgment be, in all things, GRANTED. It is further ORDERED that the above-styled and numbered cause be DISMISSED with prejudice.

Signed this __2nd__ day of August, 2001.

_____
**H. F. Garcia**
**United States District Judge**